IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT R. LAWRENCE | : | |
| Plaintiff | : | |
| v | : | Civil Action No. AW-05-2051 |
| MONTGOMERY COUNTY, MD, *et al.* | : | |
| Defendants | : | |

o0o

## **MEMORANDUM**

Pending is Plaintiff's motions to amend and for extension of time. Papers No. 31, 33 and 37. Defendants have opposed Plaintiff's motions. Papers No. 35 and 36.

Plaintiff's motion to amend seeks to add an additional claim against a new Defendant not originally named in the complaint. Defendants oppose the amendment because the claim could have been raised in the original complaint and responsive pleadings have already been filed. In addition, Defendants assert that the suggested claim is not cognizable under 42 U.S.C. § 1983 as Plaintiff states no injury resulting from the alleged misconduct. After responsive pleadings are filed, Plaintiff cannot amend his complaint "as a matter of course" but must have leave of Court to do so. *See* Fed. R. Civ. Proc. 15(a). Under the rule, "leave shall be freely given when justice so requires." *Id*. If the proposed amendment to the complaint appears to be a futility, this Court has the discretion to deny leave to amend. *Id*. Plaintiff is attempting to raise an excessive force claim, but has failed to allege any injury resulting. *See Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (finding absence of injury as evidence that force used to effect arrest was reasonable). To the extent Plaintiff is attempting to raise a pendent state claim for assault, the claim is untimely. *See* Md. Cts & Jud. Proc. Code Ann. § 5-105 (one year statute of limitations for assault). Accordingly, the motion to amend shall be denied.

Plaintiff also seeks an indefinite postponement based on his assertion that he has pending criminal charges that may be adversely affected by the trial and disposition of this case. He also asserts that his criminal defense attorneys have advised him that his criminal trial may be adversely effected if the instant case proceeds. There are no affidavits or other statements from Plaintiff's attorneys stating what the criminal charges are, how they are related to this case or how this case, may adversely affect the outcome of those charges. It is, therefore, unclear whether the allegation is one of mere strategy for purposes of plea bargain negotiations, or there is an issue raised in this case that may operate to incriminate Plaintiff. To the extent that the motion seeks to place the instant case in an indefinite delay, there has been insufficient evidence produced to warrant that measure and the motion will be denied. Plaintiff will, however, be granted an extension of time within which to respond to Defendants' Motion to Dismiss or for Summary Judgment.

Plaintiff has also requested this Court to appoint counsel to represent him in this case. This Court's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*. Upon consideration of Plaintiff's demonstrated ability to relate the

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

essential facts of his claim[2] and the absence of any known circumstances that preclude Plaintiff from presenting the claim for review, this Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself, or secure meaningful assistance in doing so.   Moreover, Plaintiff's excessive force claim is not unduly complicated. Therefore, this Court concludes that there are no discernible exceptional circumstances which would warrant the appointment of an attorney to represent Plaintiff under §1915(e)(1) at this time.  His motion shall be denied without prejudice.

<u>June 8, 2006</u>                                         _____/s/_____
Date                                                                Alexander Williams, Jr.
                                                                        United States District Judge

---

[2] In spite of Plaintiff's assertions that he does not know anything about the law and has limited access to legal materials, he has managed to file cogent, well-written motions on several occasions in this case.